Bell vs. Hoagland.

## BELL vs. HOAGLAND.

1. When a matter becomes what is termed *res adjudicata*, It is equally obligatory on both parties; if it is not binding upon both, it binds neither. But it does not become so, unless tried upon its merits. If it has been rejected, without an examination and trial upon the merits, it is no bar to a subsequent investigation of the same matter.

## APPEAL from Cooper Circuit Court.

### STATEMENT OF THE CASE.

Bell brought an action against Hoagland on the following instrument of writing. "Received, Boonville March 14th, 1845, of Wm. G. Bell, three hundred dollars to be invested in lumber.

(Signed) GEO. T. HOAGLAND,"

and alleged in his petition that the defendant, Hoagland, had not invested the money in lumber according to his undertaking, but had converted it to his own use and refused to return it on demand, although a reasonable time for its investment had elapsed.

The defendant set up as his answer and defence, that the plaintiffs' supposed cause of action had already been passed upon and adjudicated in a former suit, the record of which was filed as an exhibit with his answer.

The facts of this case are about these. The defendant held two promissory notes which were executed to him by the plaintiff, one of which was for $828 38-100, dated the 1st of January 1844; and the other was for $188 53-100, dated 1st November 1844, both of which were due one day after date and bore interest at eight per cent per annum. These notes, long after they became due, that is to say, in the year 1849, were assigned by the defendant to one Thomas Hughes, who instituted suit, by petition in debt against Bell, upon these notes in the circuit court of Cooper county, and in that suit Bell put in the statutory plea of the general issue, under which he had the right to make any set-off, or other defences he might have. Hughes died and the suit was revived in the name of the defendant, George T. Hoagland, as his administrator, and upon the trial of that case in the circuit court, the plaintiff in this suit, who was defendant, there set up as an offset the receipt or instrument of writing upon which this action is founded, and the same was passed upon in that suit by the court, set-

ting as a jury, and the plaintiff in the former suit recovered a judgment and the offset was not allowed, and Bell took that case to the supreme court, and the judgment of the circui. court was affirmed.

Upon the trial of the present action before the circuit court, with a view to raise the question of former recovery, the defendant admitted, so far as the trial of this case was concerned, that the money had not been invested in lumber and that it had not been returned to plaintiff on request, and relied upon the former adjudication as a complete bar to the plaintiff's action. The case was submitted to the court sitting as a jury, and the plaintiff moved the court to declare the law as follows:

1st. "The plaintiff moves the court to declare and pronounce the law of this case to be, that if the court find from the evidence, that upon the trial of the cause heretofore in this court, between Hoagland as administrator of Hughes against Wm G. Bell, the plaintiff in this suit claimed a credit by way of set-off in that action for the amount of the three hundred dollars specified in the receipt of Hoagland to Bell, mentioned and annexed to Bell's petition in this case, and that the court in that cause rejected and disallowed the credit so claimed and demanded by Bell in that suit, upon the ground that the court in that case believed and declared that the sum of three hundred dollars, mentioned in the receipt, was a claim or sum of money which appertained to a partnership business between said Hoagland and Bell, that then the judgment and recovery had and obtained in said suit against the plaintiff in this suit, Bell, is no bar to Bell's right in this action to demand of Hoagland the sum of money mentioned in said receipt."

2d. "That in this civil action by Bell vs. Hoagland, if the court find that the claim of three hundred dollars, mentioned in said receipt, be a demand appertaining to or growing out of a partnership business between the said Hoagland and Bell, as the defendant hath stated in his answer in this suit, then unless the defendant have shown, in his evidence upon this trial, that the sum of money specified in said receipt is not due the plaintiff, the court ought to find for the plaintiff the said sum of money, three hundred dollars."

3d. "That if the court find from the evidence that the plaintiff, Bell, loaned to the defendant, Hoagland, the sum of three hundred dollars to be invested in lumber, as is specified in said receipt, and that he, Hoagland, failed and neglected to invest the same, and that after a reasonable time had elapsed from the time of receiving the money, so to invest the same as mentioned in the receipt the said Bell demanded of Hoagland a return of the money to him so loaned, and that Hoagland refused to return the same to Bell, and that the demand so made by Bell and refused by Hoagland was prior to the bringing of this suit, then the court ought to find for plaintiff in this action."

4th. "That it devolves upon the defendant in this action to prove that the three hundred dollars mentioned in said receipt is a demand appertaining to a partnership business to defend himself against the plaintiff's right of recovery in this action, and that the mere fact that the judge of this court, in the trial of the cause between the administrator of Hughes' estate and said Bell (when the same was offered in that suit as a set-off), was of the opinion and declared that the same was a demand appertaining to such partnership, is no evidence in this cause that the demand was or is a partnership demand as declared by said court."

5th. "That if the court find from the evidence, that the defendant received from Bell the said sum of three hundred dollars to invest in the purchase of lumber, as specified in said receipt, and the defendant failed and neglected to do so; and that after a reasonable time had elapsed, after having received the money, for the defendant to invest the same, he failed to invest the same in the purchase of the lumber, and that afterwards and before the commencement of this suit, the plaintiff demanded a return to him of the money and defendant refused to return the same to him, then the court ought to find for the plaintiff in this action."

The court refused the 1st, 2d and 4th and gave the 3rd and 5th instructions asked for by plaintiff, and to the refusal of the court to give the 1st, 2d and 4th instructions the plaintiff excepted.

The court, at the instance of the defendant declared the law to be as follows: "That al-

Bell vs. Hoagland.

though the court may find from the evidence, that the plaintiff loaned or put into the defendant's hands the sum of three hundred dollars, as stated in the receipt read in evidence, to be invested in lumber, and that the defendant failed to invest the same according to said receipt, and that the said sum of money was afterwards and before the commencement of this suit demanded of the defendant by the plaintiff, yet if the court find from the evidence that the identical cause of action sued upon in this cause, was set up and relied upon as an off-set in the former suit, mentioned and referred to in the defendant's answer, and the same was submitted to and passed upon by the court in said former suit, as stated in defendant's answer, then the court ought to find for the defendant."

To this opinion of the court the plaintiff excepted, and thereupon the plaintiff suffered a non suit with leave to move to set it aside, and afterwards moved the court to set aside the non suit and to grant him a new trial, alleging these reasons.

1. Because the court permitted the defendant to give to the court in evidence, as a bar to the plaintiff's right of recovery in this action, the record and proceedings had in the case of Hughes' administrator against the plaintiff in this cause, Bell, who was defendant in that case.

. 2. Because the court refused to pronounce and declare the law of this case to be, as the plaintiff, Bell, moved the court to pronounce and declare the same in his said motion therefor to the court, after the evidence in the cause and argument of the parties as to the facts of the case were closed and submitted to the court, in each, all and every of his grounds assum- ed in his said motion.

3. Because the court pronounced and declared the law of this case to be, as the court did declare and pronounce the same upon the motion of the said defendant, Hoagland.

4. Because the court erred in admitting improper, illegal and irrelevant testimony to be given upon the trial of this cause by the defendant.

5. Because the court pronounced and declared the law of the case erroneously upon the motion of the defendant, and refused to declare and pronounce the same correctly as moved by plaintiff upon the trial of the cause.

The court overruled this motion and the plaintiff excepted and has brought his case here by appeal.


HAYDEN, for appellant.

1. I insist that in order to constitute a former judgment a bar to an action for any wrong or injury, it must appear to have been rendered by a court of competent jurisdiction between the same parties or their privies, and upon the merits of the same subject matter or point in issue to which it is pleaded in bar. 1 Greenleaf's evidence, secs. 529, 530, 532, 528 and notes. 8 Pick. 118, New England Bank vs. Lewis et al. 6 T. Rep. 607, Seddon vs. Tutop. 1 Mason Rep. 515, 519. 5 Mass. Rep. 334-5-6. David Webster vs. Wm. Lee. 1 Mo. Rep. 432 et seq. 11 Mo. Rep. 243-4-5. 4 Pick. 228. 3d. Pick. 429, '33, 434. 17 Serg. & Raule. 319, 326. 15 Pick. 276. 10 Wend. 80, 81, 82. 8th Wend. 9. 16th Wend. 583. 3d. Wend. 154. 3d. Cowen and Hill's notes to Phillip's evidence N. 590, N. 589, N. 594. 13 John. 584.

2. That in the case at bar, the appellee has wholly failed to show that there was such a former judgment upon the claim now sued for, as he sets up in his answer. That on the contrary, it will be seen by reference to the record and proceedings of that suit, as preserved in the bill of exceptions in this case, that that suit was a suit between different parties; a suit between Hughes' administrator and Mr. Bell, and this suit is between Mr. Bell and Hoagland. That suit was to recover from Mr. Bell the debt he owed the estate of Hughes upon the assigned notes, whilst this suit is to recover three hundred dollars and interest for money loaned by Bell to Hoagland, the matters and the merits thereof in issue in each suit, as well as the parties in the respective actions, in legal understanding being different.

That so far as the record and proceedings in that suit speak, they show that the merits of

the present claim of $300, were not adjudicated or decided upon in that cause, that, on the contrary, the enquiry was stifled and prevented upon the objection thereto by the very man who has had the daring impudence, upon oath, to deny the truth of the very record which he has vouched in his defence. The enquiry was denied upon the ground that the court in that action, proceeding according to the rules of the common law, and in a common law cause, could not adjudicate an unsettled partnership demand, for the want of jurisdiction, as the proof heard by the court against its exercise conduced to show, and hence the merits of the claim were not enquired into, and it was rejected by the finding and judgment of the court, and left for a suit between the present parties; and hence this suit.

3rd. That in this case, the defendant does not pretend that the debt has been paid or satisfied, nor does he demur to the petition or set up in his answer that the debt is one appertaining to a partnership business, unsettled between himself and Bell, and pray for or demand a settlement or adjustment of the accounts, &c., of the partnership, as it is his duty to do if such be the facts of the case. Mr. Bell has always denied the existence of such a connexion with the defendant, and being a respectable minister of the gospel and an honest man, has framed his petition in the present action upon the facts of his case as they are in truth and has sworn to them, and it is for Hoagland to resist the demand by something known to the law as a legal bar.

ADAMS, for respondant.

The judgment of the court below is right.

The plaintiff's supposed cause of action had been set up and relied upon as an offset in a former suit, and the principle is well established, that where a matter has been once adjudicated, in a suit between the same parties or their privies, whether by way of offset or otherwise, such adjudication is a complete bar to another action: 1 Greenleaf Ev. secs. 522-3; 11 Mass. R. 445; 2 J. R. 210; 8 John. R. 383, 452; 9 J. R. 232; 11 J. R. 530; 14 J. R. 377; 16 J. R. 137; 5 Wend. R. 240; 1 Starkie evidence 222 side page. Thompson vs. Wineland, 11 Mo. 244.

RYLAND, J., delivered the opinion of the court.

From the above statement it is clear, that the main question between the parties to this record, involves the fact of a former adjudication of the subject matter now in controversy. Has a court of competent authority ever passed upon the matter now in suit, in any former action between these parties or their privies, upon the merits of the demand?

In order to determine this question aright, it will be necessary to state a few of the leading facts as they appear on the record. Hoagland assigned to Hughes two bonds or notes on the plaintiff Bell. Hughes, as such assignee, brought suit on the notes against Bell, and on the trial Bell offered the receipt, set out in the above statement as the foundation of the present action, as a set off against the notes in Hughes' action. The circuit court thought the receipt pertained to a partnership transaction between Hughes' assignor, Hoagland, and Bell, and as such partnership transaction, it could not be set off against the notes, and rejected the set off for want of jurisdiction. There is no pretence that the merits of the set off were ever passed upon—it was merely rejected,

Bell vs. Hoagland.

and that too for want of jurisdiction.   The justice and truth of this set off have never yet been heard or examined into by the court.

There is error in the ruling of the court below, in supposing this action of the court in the case of Hughes' administrator vs. Bell, was such as concluded Bell, or such a concluded Hoagland in relation to the question of partnership between them.   Suppose in a controversy between Bell and Hoagland, in order to establish this partnership, Bell had offered this record, showing the rejection of his set off in the suit of Hughes' administrator against him by the court below, because that court considered it a partnership transaction between Bell and Hoagland, can it be maintained that Hoagland would be bound by it; concluded by it? He would answer, it was a transaction in court, to which he was individually no party—to which he could not have made any defence; nor was he to be considered bound or concluded by it, and there is no doubt but he would answer correctly, both as to law and fact.   Then if Hoagland would not be bound by the act of the court, saying there was a partnership between him and Bell, neither would Bell be.   So far then as the matter of partnership is concerned, there is no pretence that it has been ripened into the force of an adjudication between these parties.

When a matter becomes what is termed *res adjudicata*, it is equally obligatory on both parties; if it is not binding on both it binds neither. In this transaction, the rejection of the set off because the court, on the trial of Hughes' suit, decided that the set off could not be used, it being part of a partnership transaction between Bell and Hoagland, cannot be considered *res adjudicata* in Bell's favor against Hoagland if he wished so to use it, because it has not the force of *res adjudicata* against Hoagland, he being no party to the record in his own right.

The reason why courts of justice will not disturb matters once tried between the same parties is, that it is for the interest of the commonwealth that there should be an end to litigation.   It would be carrying the doctrine a great ways indeed, for the courts to say that the bare rejection of a subject matter of set off, in a suit between assignee and payee of a note or bond, for the want of jurisdiction in the court over the subject of set off, should afterwards be considered *res adjudicata* between the payee and assignor, for any purpose either of jurisdiction or merits.

The court below erred in refusing to give the instructions asked for by the plaintiff, and in giving the one it did for the defendant.

Its judgment is reversed, the other judges concurring and this cause is remanded to be further proceeded with in accordance with the views of this court.