BENNETT *et al.* v. WOODY, *Appellant.*

Division One, February 9, 1897.

1. **Highway**: DAMAGES: APPEAL: STATUTE.   An appeal lies under Revised Statutes 1889, section 7801, from the judgment of the county court assessing the damages for opening a highway as well as from the final judgment ordering the establishment of the road.

2. ———: ———: ———: RES JUDICATA.   A judgment establishing a highway on payment of respondent's damages and costs is not a bar to another proceeding to establish the same road where such damages and costs have not been paid.

3. ———: TAKING PRIVATE PROPERTY FOR PUBLIC USE: MEASURE OF DAMAGES.   The measure of damages for taking private property for a public highway is the value of the land taken and the damage, if any, to the tract of which it forms a part from which must be deducted the benefits, if any, peculiar to such tract arising from running the road through it.

4. ———: ———: ———: INSTRUCTION.   An instruction on the measure of damages on the opening of a highway is erroneous where it ignores proper elements of such damages.

5. ———: ———: CONSTITUTION: BURDEN OF PROOF.   Under article 2, section 21, of the state constitution providing that private property shall not be taken or damaged for public use without just compensation the burden is on the petitioner in a proceeding to establish a public road to show that the landowner is compensated by benefits.

*Appeal from   Montgomery   Circuit   Court.*—HON. E. M. HUGHES, Judge.

*Transferred from St. Louis Court of Appeals.*

AFFIRMED.

*W. W. Fry* and *W. A. Edmonston* for appellant.

(1) The former awards of damages to defendant bar any subsequent action by the same parties to con-

demn this same property for the same use, and this court erred in rejecting this evidence and refusing defendant's several refused instructions. *Rogers v. St. Charles*, 3 Mo. App. 41; *Wilkerson v. Buchanan Co.*, 12 Mo. 328; *St. Joe v. Hamilton*, 43 Mo. 282. (2) There is no limit or fixed time under our statutes when any finding shall be accepted after damages are assessed. But when assessed it is a final judgment that may be enforced, especially when there is no record, as here, of abandonment. *Wilkerson v. Buchanan Co., supra; Railroad v. Lackland*, 25 Mo. 515. (3) On appeal the case was before the circuit court for trial anew, and any new issue may be raised and tried. R. S., sec. 7801; *In re Gardner*, 41 Mo. App. 589. (4) Section 21 of Missouri constitution provides that private property "shall not be taken or damaged" without due compensation. Then the court erred in modifying plaintiff's first instruction taking from the jury's consideration the damages to the remainder of the land. The addition to this instruction, directing the jury to deduct the benefits "enjoyed by plaintiff (Woody) by reason of his ownership of said land" was misleading. The benefits to be considered are the benefits the road is to the land. *McReynolds v. Railroad*, 110 Mo. 484. (5) Plaintiff's second instruction in defining the measure of damages is misleading. It directs the attention of the jury only to the land taken, the cost of moving the fence and injury to pond. The hedge could not have been moved. It necessitated building new fence and maintaining a fence and damaged the remainder of the land. These items were excluded from the jury. This instruction also directs the jury that the road was a benefit, not an injury. *Railroad v. Dawley*, 50 Mo. App. 484; *Springfield v. Schmook*, 68 Mo. 394; *Carpenter v. McDavitt*, 53 Mo. App. 393. (6) Defendant's first refused instruction should have been given. The law contemplates

only a lawful fence.   He is required to build and main-
tain a lawful fence.   The constitution and statute con-
template that when a citizen's property is taken by this
arbitrary proceeding his entire loss and damage in every
particular shall be compensated for.   Sec. 21, Constitu-
tion;  R. S., secs.  7789–7799.

*N. D. Thurmond* for respondent.

(1)   This case was appealed from the county court
on the trial of the question of damages by a jury under
section 7799 of Revised Statutes and before there was a
final judgment of that court condemning the land for
road purposes, and therefore the appeal should be dis-
missed.   *Railroad   v.   Railroad*,  94  Mo.  540.   (2)
Appeals taken from the county court must be from a
final determination of the cause in the county court and
the circuit court  becomes possessed of the whole cause
and  shall  proceed  to  hear  and  determine  the  same
anew.   R. S., sec. 3434, and sec. 7801;  *Long v. Talley*,
91  Mo.  305.   (3)   An   appeal   will   not  lie  from  a
decision of the court on  motions which  do  not involve
a final disposition  of the cause,  nor  from  judgments
interlocutory  in   their   character.   Cases can  not be
brought to this court by appeal or writ of error in detach-
ed portions.  *State ex rel. v. Edwards*, 104 Mo. 125;  *Rail-
road v. Railroad*, 94 Mo. 540.   (4)   The court properly
overruled appellant's plea of former adjudication or es-
tablishing of the same road  for the reason  that in the
plea itself it is admitted that the damages assessed were
never paid and the road could not have been established
and  opened until the  damages were paid.   (5)   The
instructions taken together declare the law fully and in
support of this proposition we refer to authorities relied
on by appellant.   *Railroad v. Dawley*, 50 Mo. App. 448;
*Springfield v. Schmook*, 68 Mo. 394;  *McReynolds v. Rail-
road*, 110 Mo. 484.

BRACE, J.—This is a proceeding commenced in the county court of Callaway county to establish a public road on the land of the defendant; tried in the county court, on his exceptions to the report of the commissioners, assessing his damages and resulting in a verdict of no damages; from the judgment of the county court on which he appealed to the circuit court of said county, from which court it was thence taken by change of venue to the circuit court of Montgomery county, where it was tried anew with the same result. From the judgment on this last verdict the defendant appealed to the St. Louis court of appeals, from which court the case has been transferred to this court (on the authority of *State ex rel. v. Rombauer*, 124 Mo. 598) as involving title to real estate.

1. The respondent contends that the appeal should be dismissed, because the appeal from the county court to the circuit court was premature, in that it was taken from the judgment on the assessment of damages in the county court before any order was made establishing the road.

We do not think this contention can be maintained. By section 7801, Revised Statutes, 1889, it is provided that, "in all cases of appeals being allowed from the judgment of the county court, assessing damages, *or* for opening, changing, or vacating any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew; but no commissioner shall be appointed by the circuit court, nor shall any appeal prior to the determination thereof in the circuit court operate as a *supersedeas* of the proceedings of the county court." By the plain terms of this statute an appeal is contemplated as well from the judgment of the county court assessing the damages as from the final judgment ordering the road

to be established and opened, which can be made only after the county court shall have found that "the use to which said premises are sought to be appropriated is of a public use, that the proposed road * * * is of sufficient public utility to justify the payment of damages awarded," and the damages are paid to the owner or into court for his use.    Sec. 7800.

The fact that the appeal from the judgment assessing damages is not to operate as a *supersedeas* to these subsequent proceedings in the county court is, apart from the wording of the section, a cogent reason for holding that the right to appeal was not intended to await thereon.    *Hook v. Railroad*, 133 Mo. 313.

2. The errors assigned for reversal by the appellant are the giving and refusing certain instructions and the rejection of his evidence in support of the following plea:

"Now comes the claimant, S. L. Woody, and makes answer and says that the petitioners herein, in 1882 and again in 1883 and 1884, petitioned for the location for the identical road herein petitioned for to the county court of Callaway county, Missouri, and the court on hearing the same established said road, and in both of said trials there was awarded to said S. L. Woody damages to his land taken by said road; that the allowance in neither of said trials was paid and the same is now of record in said court, and this claimant, S. L. Woody, pleads said trials and findings and judgments in bar of this suit."

The evidence offered in support of this plea were the records of the county court showing a judgment of said court, establishing this road on the premises of the appellant in the year 1882, "whenever the petitioner should pay the respondent his damages therefor assessed at $50 and all costs," and a like judgment in 1884 establishing said road whenever respondent's

damages therefor assessed at $54 should be paid in like manner, and evidence that the said damages and costs had never been paid on either of said judgments.

This plea was first interposed in the circuit court of Montgomery county after the case reached that court. It is not seen how the facts therein pleaded affect the issue raised by the defendant in the county court and which *he* carried for trial *de novo* to the circuit court by his appeal. The appeal was only from the assessment of damages, and the inquiry of the circuit court must necessarily have been confined to the case tried in the court below, and brought by the defendant for retrial to the circuit court. Moreover, as appears from the plea, these condemnation proceedings were never consummated, the condition on which the road was to be established never having been performed by the petitioners and the county court refusing to establish it at the public expense, as they might well do. *Simpson v. Kansas City*, 111 Mo. 237; R. S. 1889, sec. 7800. The matter stood just as it did before these proceedings were commenced, and they could not be a bar to the present proceeding, in which the defendant sought merely to have his damages properly assessed.

3. The court refused to give the defendant's instruction number 1 as asked, but modified it and gave it as modified. The modification consisted in striking out the words in parenthesis and inserting the words in italics, as here shown:

"I. The court instructs the jury that in considering the evidence in the case and arriving at their verdict they will take into consideration the amount of land taken for the proposed road, the damage to the pond, *if any*, and the destruction or removal of the fence now on said land, and the erection and maintenance of a fence on the line of said road for the inclos-

ure of defendant's land (and the damage to the remainder of the land left after taking the land necessary for the road, and all damages of every kind to plaintiff's said premises) *and deduct from the sum total of such damages the benefits, if any, enjoyed by defendant by reason of his ownership of said land, over and above the benefits enjoyed by the community generally.*"

The defendant complains of this as error and we think the contention is well grounded. The measure of damages for taking private land for a public way "is the value of the land taken, and the damage, if any, to the tract of which it forms a part, from which must be deducted the benefits, if any, peculiar to such tract arising from running the road through it." *McReynolds v. Railroad*, 110 Mo. 484. The vice of the instruction as modified and given by the court is that it withdraws from the consideration of the jury any damages *to the tract* of which the land to be taken forms a part on the one hand, and on the other, requires the jury to deduct from the sum of defendant's damages, any benefits enjoyed by him by reason of *his ownership of the land*, over his neighbors and the community generally, whether they flow from the establishment of the road on his land, or whether they are benefits to the tract of land on which the road is to be located or not. The error is obvious and needs no comment.

4. The defendant also complains of instruction number 2 given for the plaintiff which is as follows:

"II. The court instructs the jury that before the jury can find damages for Woody they must believe from a preponderance of the evidence that the damages sustained by Woody by reason of the establishment of the road exceeds the benefits that will accrue to him.

"The measure of damages is the difference between the value of the land taken for the road and the cost of

moving the fence and injury to the pond, and the value of the benefits peculiar to Woody's land alone not taken for road purposes.''

The first paragraph of this instruction is objectionable. ''Private property shall not be taken or damaged for public use without just compensation,'' is the language of the constitution, and the amount of such compensation must be ascertained and paid to him or into court for his use before it can be lawfully taken. If compensation is to be made in supposed benefits to him from the public use for which his property is to be taken, instead of in ''the current coin of the realm'' it ought to be made to appear with reasonable certainty, by a preponderance of evidence, that such benefits will accrue to him, and any excess that ought to be shown by a preponderance of evidence would be an excess of benefits and not of damages. The instruction ''puts the boot on the wrong leg.''

The second paragraph of the instruction is objectionable in ignoring two elements of damage,—the value of the hedge, which constituted part of the fence which could not be removed, and the damage to the tract, if any, by reason of the location of the road upon it, other than the two items mentioned therein, and in assuming that defendant's land was peculiarly benefited and then turning the jury loose without guide to estimate those benefits at will.

It appears very clearly and satisfactorily from the evidence that by the location of this road three acres of the defendant's land of the value of $75, was to be taken; that a half mile of fence had to be removed and rebuilt at a cost of from $80 to $200 and that a pond would be destroyed of the value of $100; that, upon a very moderate estimate, the defendant's actual damage could not be less than $250, and there was not any evidence tending to show that the value of the

tract of land would be enhanced one dollar by the road, except such expressions of opinion as the following from the witnesses for the plaintiff: "If the farm was cut up into small farms the road would be a benefit" * * * "thought the road would be a benefit to him," * * * "the road was needed by the public and any public road was a benefit" * * * "did not think the defendant damaged" * * * "thought a public road a general benefit to the farm," and it was upon such testimony as this that the defendant's actual damage was wiped out, and he was mulcted in the costs. Such a result must have been the result of the misleading instructions given by the court, some of the errors of which have been noted, and for which the judgment will be reversed and cause remanded for new trial. All concur.