DAMERON *et al.* v. JAMISON, *Plaintiff in Error.*

Division One, April 1, 1898.

1. **Ejectment:** TAX DEED: OMISSION OF "YEAR" OF JUDGMENT. The revenue law of 1872 requires a tax deed to state the year in which the judgment was rendered for taxes, and a deed which simply states that the judgment was rendered at the "July term," omitting the year, is void.

2. ———: ———: ———: REASONABLE INFERENCE. Such a deed will not be upheld upon the ground that it is sufficient if the recital required by the statute can be reasonably inferred from all the statements in the deed taken together.

3. ———: ———: ———: PRACTICE: WAIVER OF OBJECTION. Defendant offered his tax deed in evidence for the purpose of invoking as a defense the statute which declares that suits against purchasers at tax sales shall be begun within three years from the time the tax deed is recorded. Plaintiffs made no specific objection to the offer, and in their replication gave certain reasons for their contention that the tax deed was invalid, but did not include as one of them the fact that the tax deed did not recite the year the judgment for taxes was rendered. *Held,* that, after the deed was in evidence, it was for the court to determine its legal effect; and, being void upon its face, it was insufficient, as a matter of law, to set in motion the statute of limitations of three years.

4. ———: ADVERSE POSSESSION. The burden of proof is on the party asserting it to show adverse possession for ten years.

5. ———: ———: PRACTICE: FINDING OF TRIAL COURT. This court will not reverse the finding of the trial court sitting as a jury as to adverse possession, so long as there is substantial evidence to support it. Such finding will not be interfered with on the ground that it is against the weight of the evidence or the credit that should have been given to witnesses.

6. ———: NOTICE: PAYMENT OF TAXES: IMPROVEMENTS. Plaintiff, as long as he remains passive, is under no obligation to give defendant any further notice of his title than is given by the record of his deed, even though he stands by and sees him pay the taxes and make improvements on the land. The statute gives defendant a lien on the land for the taxes paid, and he has a statutory remedy for the improvements made in good faith without notice of plaintiff's title.

7. ———: ———: ———: ———. The failure of one party to pay the taxes would not, in the absence of a legal sale therefor, divest him of his title, nor would the payment of taxes by the other party give him title.

*Error to Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Charles Martin* for plaintiff in error.

(1) That part of defendant's amended answer which was stricken out contains a good equitable defense. If the facts pleaded were true plaintiffs are estopped from claiming the land. *McNess v. Waney*, 50 Mo. 388; *Landrum v. Bank*, 63 Mo. 48; *Collins v. Rogers*, 63 Mo. 515; *Evans v. Snyder*, 64 Mo. 516. (2) The tax deed of defendant contains every recital and averment required by section 217, Wagner's Statutes, 1872, and was recorded more than fourteen years before this suit was commenced. Hence, plaintiff's right of action, if any, was barred by section 221 of the revenue law of 1872. *Hill v. Atterbury*, 88 Mo. 114; *Allen v. White*, 98 Mo. 55; *Bird v. Sellers*, 122 Mo. 23; *Callahan v. Davis*, 125 Mo. 27. The

plaintiff's reply concedes that the tax deed is in proper form and seeks to avoid its effect only for reasons which do not appear upon the face of the deed. No evidence was offered, however, in support of these objections and would not have been competent had any been offered. *Hill v. Atterbury*, 88 Mo. 114. (3) If these parties had paid no taxes on the land for fourteen years and knew that Jamison had been and was paying the taxes, they must have known of Jamison's adverse claim and acquiesced in it. The statute of limitations as applied to title by adverse possession proceeds upon the theory of acquiescence by the legal owner as well as acts of occupancy by the adverse claimant. Wood, Lim., p. 6. (4) Actual occupancy is not required to start the running of the statute of limitations. *Draper v. Shoat*, 25 Mo. 197; *Leeper v. Baker*, 68 Mo. 407; *Key v. Jennings*, 66 Mo. 356; *Miss. Co. v. Vowels*, 101 Mo. 228.

*Silver & Brown* also for plaintiff in error.

(1) The tax deed was improperly excluded. (*a*) No objection as shown by the abstract was made at the time of the introduction of the deed, except one in the most general form, indicated as follows: "Defendant offered in evidence tax deed from the collector of Lincoln county, dated February 22, 1877, recorded February 22, 1877, to which plaintiffs objected." This objection under repeated rulings of this court is insufficient. *Brennan v. St. Louis*, 92 Mo. 482; *Boston v. Murray*, 94 Mo. 175; *State v. Brannum*, 95 Mo. 19; *Dunkman v. Railroad*, 95 Mo. 232; *Stone v. Hunt*, 114 Mo. 66. The specific objection relied on should have been made below. *State ex rel. v. Lounsberry*, 125 Mo. 157. (*b*) Again the plaintiffs having in their reply pleaded certain specific objections to the tax deed in

controversy should now be confined to such objections. Parties are bound on appeal by the positions they take in the trial court. *Knapp v. Publishers*, 127 Mo. 53; *Minton v. Steele*, 125 Mo. 181; *Downing v. Dinwiddie*, 132 Mo. 92. (2) The tax deed should not have been excluded because: (*a*) The failure to recite July term, "1874," is not a fatal omission. Plaintiff's reply in effect admits that the tax judgment was rendered at the July term, 1874. *Breckenridge v. Ins. Co.*, 87 Mo. 62. Parties are bound by the statements in their pleadings. *Lenox v. Harrison*, 80 Mo. 491; *Ramsey v. Henderson*, 91 Mo. 560. Obvious errors or omissions do not count. *Gaines v. Allen*, 58 Mo. 537; *Murrill v. Handy*, 17 Mo. 406; 2 Black. on Tax Tit. [5 Ed.], sec. 780. (3) The fact that the deed was for the taxes of two years jointly does not invalidate it. *Bird v. Sellers*, 113 Mo. 580. (4) The misrecital as to the date of recording the deed is not fatal to its validity. (*a*) The objection was not made in the trial court. *State v. Lounsberry*, 125 Mo. 157. (*b*) It is an obvious clerical error and should be disregarded. *Gaines v. Allen*, 58 Mo. 537; *Murrill v. Handy*, 17 Mo. 406. (5) The objection to the abbreviations contained in the deed is not well taken under the later decision of this court. *State v. Vaile*, 122 Mo. 33. (6) The objection to the description of the premises as contained in the deed is also not well taken. The recital relating to the rendition of the judgment is west fractional one half of section 23, township, 51, etc. So in the granting clause we have the same recital. It is obvious, taking the three recitals together, that the land intended to be sold was as above described, and this is sufficient. 1 Black. on Tax Tit., sec. 780; *Wendell v. Whittaker*, 28 Kan. 690. Besides no objection to the description of the land was specifically made in the trial court. *State ex rel. v. Lounsberry*, 125 Mo. 157.

(7)   In the face of the evidence plaintiff's judgment is without substantial evidence to support it, and such being the case, the judgment should be reversed. *Kahn v. Etlinger*, 36 S. W. Rep. 36.   The evidence showed a sufficient adverse possession.   *Miss. Co. v. Vowels*, 101 Mo. 225.

*Norton & Avery* for defendants in error.

(1)   The court committed no error in striking out part of defendant's answer.   The portion stricken out stated no defense.   (2)   The tax deed offered by plaintiff in error and which furnishes the basis of his defense was absolutely void on its face, for these reasons:   *First.*   That the recitals in the deed fail to show in what year the judgment was rendered.   This is absolutely necessary under the statute.   *Second.*   The judgment mentioned in the deed was for the taxes of two years jointly, while the judgment should have been for the tax of each year separately.   *Third.*   The deed is honeycombed with abbreviations, which are not provided for in the statute.   Thus "frl." for fractional, "sec." for section, "Tp." for township.   No such abbreviations are provided for under section 240, page 134, Session Acts 1872.   This section providing for certain abbreviations, the maxim *expressio unius*, etc., prevails as said in *Lowe v. Eckey*, 82 Mo. 290.   *Fourth.* Because the filing mark of the recorder of deeds shows the deed to have been recorded February 20, 1877, when the deed itself was not executed until the twenty-second of that month.   While this was probably a clerical error, there being no intendment in favor of the deed, it must be taken as found, and if so taken there is no evidence whatever that the deed executed February 22, 1877, was ever recorded as the statute of 1872 requires.   *Fifth.*   The description of the land as

contained in the deed is insufficient. The deed contains three recitals as to the description. Two describe the tract in dispute as the west fractional one half section 23, and one describes it simply the fractional one half section 23. *Hopkins v. Scott*, 86 Mo. 140; *Pearce v. Tittsworth*, 87 Mo. 635; *Pitkin v. Reibel*, 104 Mo. 505. (3) The deed being invalid and irregular on its face it could not set in motion the special three years' statute of limitations. *Callahan v. Davis*, 90 Mo. 78; *Duff v. Neilson*, 90 Mo. 93; *Kinney v. Forsythe*, 96 Mo. 414. (4) The defendant, having tried his case on the theory that he had title by reason of having had possession for ten years, can not now change his theory in this court and claim a reversal on the ground that the title was barred by the three years' statute. The sole theory at the trial in the circuit court was title by reason of adverse possession for the period of ten years. *Hart v. Leete*, 104 Mo. 315; *Harper v. Morse*, 114 Mo. 317; *Scott v. Nevada*, 56 Mo. App. 189; *Pattison v. Letton*, 56 Mo. App. 325.

WILLIAMS, J.—This is an action of ejectment. Defendant disclaimed any interest in one of the tracts of land described in the petition and there is no controversy concerning that tract in this court. The plaintiffs, who recovered below, introduced evidence showing a chain of title from the United States to them. The case is here upon a writ of error sued out by defendant. Several defenses are relied upon to defeat the action. These can be best considered in the order in which they are presented in the pleadings.

I. The answer first sets up that defendant purchased the land at a tax sale on the fifth of October, 1874, and recorded the collector's deed to him on the twenty-second of February, 1877. This sale was made under the revenue law of 1872. Section 221 of said

statute (2 Wag. Stat. 1872, p. 1207) declares that suits against tax purchasers (with certain exceptions unnecessary to be noticed) shall be commenced within three years from the time when the tax·deed is recorded, and not thereafter.   This action was not brought until May 18, 1891.   The three years bar is relied upon.

Defendant offered his tax deed, which bears date on the twenty-second of February, 1877.   The recorder's certificate shows that it was filed with him on the twentieth of February in said year.   There is evidently a clerical error in writing one of these dates.   The deed recites that judgment was rendered at the "July term" of the county court of Lincoln county against this land for the taxes of 1872 and 1873.   The *year* in which the judgment was rendered, is not given in the deed.   This makes it void upon its face.   The statute prescribes the form of the deed, and the recitals to be contained in it.   This form provides for a statement *in the deed* of the year in which the judgment was entered.   (2 Wag. Stat. 1872, p. 1205, sec. 217.)   This is a material matter.   The validity of the proceedings may depend upon the date of the judgment.   At any rate the statute requires it to be given.   A substantial compliance with this requirement is essential to the validity of the deed.

It is argued that, although the deed omits to state the year of the rendition of the judgment, it may *reasonably be inferred* from all the recitals taken together, that it was at the July term, 1874.   It is not clear that this inference would necessarily be drawn from the statements in the deed.   It may be that there is enough in the deed to authorize the conclusion that the judgment *should* have been entered at the July term, 1874, but it does not follow that this was done.   The law, however, requires that "the *recitals*" in the tax deed should be substantially as set forth in the statutory form.

Such deed can not be upheld on the ground that, although it omits a recital required by the statute, yet it is sufficient if the omitted matter can be *reasonably inferred* from all the statements in the deed taken together. It has been ruled otherwise by this court. *Hopkins v. Scott*, 86 Mo. 140–144; *Sullivan v. Donnell*, 90 Mo. 278–282.

It is said that plaintiffs made no specific objection to the introduction of the deed in evidence. It is further urged that in the replication they gave certain reasons for their contention that the tax sale was invalid, and the omission above mentioned in the deed was not one of them. It is argued that plaintiffs, therefore, waived this defect. Defendant attempted to bring himself within the statutory limitation prescribed by the revenue law of 1872. He offered this deed in part, at least, for that purpose. It was admitted in evidence. It was for the court then to determine the legal effect of the instrument, and whether it was sufficient upon its face, as a matter of law, to set in motion said statute of limitations of three years. The deed being void on account of the omission of necessary recitals, defendant wholly failed to come within the protection of the statute. *Callahan v. Davis*, 90 Mo. 78; *Duff v. Neilson*, 90 Mo. 93.

II. Adverse possession of the land by defendant for more than ten years before the institution of this suit is relied upon. All the declarations of law asked by him upon that subject were given. There is nothing to show that the court proceeded upon an improper theory as to the law governing the case. It is said that the testimony clearly and plainly established such adverse possession and that the judgment is not supported by the evidence. We can not concur in that view. The burden of proof upon this issue was upon the defendant. The weight and credit to be given to

the evidence and the deductions to be drawn were matters exclusively for the consideration of the court sitting as a jury, and we have no authority to revise its conclusions upon that subject. The trial court acted upon legal principles conceded by defendant to be correct. We can not interfere with the result reached upon the ground that it is against the weight of the evidence or the credit that should have been given to the witnesses. There was certainly evidence which warranted the finding of the court.

III. Complaint is made of the action of the court in striking out part of the answer. The substance of the averments stricken out is that defendant paid taxes and made valuable improvements upon the land in ignorance of any claim by plaintiffs to the same; that plaintiffs, knowing of such improvements and of the payment of the taxes by defendant, failed to inform him of any right which they had to the land while it was being so improved by him. It is then stated that defendant was induced to make such improvements under the *belief* that *his title was good* and that plaintiffs did not claim any interest in the land, and that his *belief* was induced by their acts, conduct and statements. No statements upon which this belief was based are set out. There is nothing pleaded to indicate that anything was said by plaintiffs that authorized or warranted any such belief. No misrepresentations are charged. The acts and conduct relied upon in this part of the answer are evidently the failure to notify defendant of plaintiffs' title. This was of record. It was as much the duty of defendant as of plaintiffs to know whether the tax proceedings under which he claimed were regular and valid. They were under no obligation to inform him upon that subject. Silence upon plaintiffs' part was no breach of duty and will not estop them from asserting their

title. "If a man holds title to his lands by deed which has been duly recorded, it is all the notice he is bound to give so long as he remains passive." *Bales v. Perry*, 51 Mo. 449; *Kingman v. Graham*, 51 Wis. 232; *Mayo v. Cartwright*, 30 Ark. 407; *Throckmorton v. Pence*, 121 Mo. 50. Neither did defendant suffer harm on this account. The court, as authorized by the statute, gave him a lien upon the land for the taxes paid. He also has a statutory remedy for any improvements made in good faith without notice of plaintiffs' title.

IV.   It is assigned as error that the court excluded questions asked by defendant, tending to show that plaintiffs did not pay the taxes upon the land, and knew that defendant was paying them. The failure of plaintiffs to pay the taxes, in the absence of a legal sale for nonpayment, would not divest their title, nor would the payment of them by defendant give him title.   Then, too, the payment of these taxes by defendant, seems to have been fully established by other evidence and he was given a lien upon the land for same.   He appears to have had all the benefit that could have arisen to him upon *any* of his defenses, from proof of plaintiffs' failure to pay the taxes and the payment of same by defendant.   Defendant had the benefit of proof of their nonpayment, so far as it had any tendency to show acquiescence in his claim of ownership of the land.   The fact was fully proved by other evidence.

We find nothing in the rulings of the trial court that will justify interference with its judgment.   It is accordingly affirmed.   All concur.