WILLIAM D. JAMISON, Appellant, v. RICHARD MARTIN et al.

Division One, November 23, 1904.

1. **EJECTMENT: Former Suit with Equitable Adjudication: Bar.** Where in an ejectment suit an equitable defense is set up and the defendant is accorded complete relief, the judgment therein bars him from maintaining a subsequent suit in ejectment for the same land.

2. ———: ———: ———: **Mutuality.** In a suit in ejectment the defendant set up that he had bought the land at a tax sale and held possession for three years under that purchase and paid taxes for many years thereunder and asked that, if he were not adjudged to be the owner, he be given judgment for the amount of taxes so paid, with penalty and interest. He also pleaded adverse possession for ten years. The judgment was that plaintiff have execution for possession of the land, and that the tax deed was void, and that defendant have a lien on the land for the taxes paid. *Held,* first, that that judgment was a bar to maintenance by the defendant therein of a subsequent ejectment for the same land; second, that the judgment was mutual; and, third, that the fact that the plaintiff did not pay the lien, did not render the judgment inoperative as a bar to a subsequent ejectment by the defendant, nor render the judgment lacking in mutuality on that account, since plaintiff's right to possession was not conditioned on the payment of the lien.

3. ———: ———: **Mutuality.** Where in an ejectment, plaintiff is awarded possession of the land, and defendant on his equitable defense is awarded a lien on the land for taxes paid by him, the judgment is mutual.

4. ———: ———: **Unconditional Lien on Land.** Where in ejectment plaintiff is awarded possession of the land, and that judgment is not conditional on his paying a lien awarded to defendant for taxes paid by defendant, the defendant can not maintain a subsequent ejectment on the ground that the lien was not paid. He was entitled to immediate execution against the land for the payment of his lien, just as plaintiff was entitled to immediate execution for possession, and neither was obliged to wait until the other first acted. Such a judgment is not like one in condemnation where judgment for possession is made dependent on the payment of the damages awarded for the property taken.

Appeal from Lincoln Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

· *Martin & Woolfolk* for appellant.

(1) A judgment in ejectment is no bar to a second action for the same property and between the same parties whether the titles and defenses in both actions be the same or not. Avery v. Fitzgerald, 94 Mo. 207; St. Louis v. Lumber Co., 98 Mo. 613; Sutton v. Dameron, 100 Mo. 141; Swope v. Weller, 119 Mo. 556; Speed v. Terminal Co., 163 Mo. 111. (2) Estoppel by judgment must be mutual and the fact that in the former suit the taxes paid by the plaintiff (then defendant) was adjudged a lien upon the land does not estop him unless he has received the fruits of that judgment, and there is no allegation in the answer that defendants have paid or plaintiffs received the amount so adjudged a lien on the land. Bell v. Hoagland, 15 Mo. 360; Bennett v. Woody, 137 Mo. 370; Wright v. Doniphan, 169 Mo. 601; Com. v. Pejepscut, 7 Mass. 399; 2 Black on Judgments, sec. 548.

*Norton, Avery & Young* for respondents.

Plaintiff having asked for and received affirmative relief in the first suit, is now equitably estopped from trying this suit in ejectment. Appellant admits the force of this contention, but asserts that it is not available as matter of defense, unless we went further and alleged that the money was collected on the judgment. The authorities cited by appellant do not in any sense of the word support his contention, or even bear on the question of equitable estoppel. Appellant elected to pursue that course pointed out by the statute, by which he could regain the moneys paid out by him for taxes, together with the penalty of doubling the amount, with ten per cent interest, and while holding this judgment in full force and a lien on the land, subject to enforcement at any time, will not be permitted now to assert the wholly repugnant claim of asserting title to the land itself. It is simply another case of attempting to blow hot and cold with the same breath. Fox v. Winders, 127 Mo. 512; 1 Herman on Estoppel & Res Judicata, p. 11; McAnaw v. Clark, 167 Mo. 443. Where there is an election between inconsistent remedies, a person will be confined to the one which he first prefers and adopts. Nanson v. Jacob, 93 Mo. 332. A mere claim for part of the proceeds of the sale of land in a suit then pending estops a party from prosecuting ejectment for the land. Nalle v. Thompson, 173 Mo. 596. In ejectment it is not necessary in so many words to plead estoppel. If the allegations in the answer amount to an estoppel, estoppel may properly be made a defense. Cadematori v. Guager, 160 Mo. 353.

MARSHALL, J.—This is an action in ejectment to recover twenty acres in the northwest fractional quarter of section 23, township 51, range 2, east, in Lincoln county. The petition is in the usual form. The defendant is a tenant in possession, and upon his ap-

plication the landlords, Malenda Dameron, Floyd Har-
ney, Thomas Harney, William Seaman, Mary M. Dam-
eron, Sarah F. Dameron, T. E. Dameron, Clem Lindsay,
Sr., Clem Lindsay, Jr., Linnie Lindsay, and Mrs. Ed
Morris, were made parties defendant. The answer of
the defendants is a general denial and a special plea.
The special plea sets up that on May 28, 1891, some of
the defendants herein (except the tenant) and the an-
cestors of the others, under whom they claim, began a
suit in ejectment against the plaintiff herein for the
recovery of this same land; that said defendant therein
filed an answer which, after some parts thereof had
been stricken out on motion, was a general denial,
coupled with an averment that on October 5, 1874, he,
the defendant therein, had purchased the land at a tax
sale, had received and recorded a deed, from the sheriff
thereto, and that more than three years had elapsed
since such deed was recorded, and he therefore invoked
the special three-years statute of limitations; also that
he had held adverse possession of the land for more
than three years, and that under said special statute
the claim of the plaintiffs therein was barred; also that
he had been in adverse possession of the land for more
than ten years and therefore he invoked the ten-years
statute of limitations. The answer then set up that
the defendant therein, who is the plaintiff herein, had
purchased said land at such tax sale for $51.67, being
the taxes for the years 1872 and 1873, and that he had
since paid the taxes for the years 1874 to 1890 inclus-
ive, aggregating $150, and that the same constituted a
lien on the land and he asked that he be subrogated to
the State's right to such lien, and that he be decreed
to have a lien on the land for double the amount so paid
at said tax sale, with ten per cent interest thereon, and
for the several amounts of taxes since paid by him,
with ten per cent interest thereon, aggregating in all
five hundred dollars. The answer herein further sets
up that the said suit was tried in the circuit court of

Lincoln county on September 26, 1892, upon the issues so framed, and resulted in a judgment for the plaintiffs therein, who are the defendants herein or their ancestors, for the possession of said land, and that the defendant therein, who is the plaintiff herein, had purchased said land at said tax sale, and had since paid other taxes thereon, aggregating $305.82, and the same was decreed to be a lien on the land and a special *fieri facias* was ordered to enforce the same. The answer of the defendants herein pleads said judgment as *res adjudicata* of this suit.

The plaintiff herein moved to strike out all the special plea of the defendants herein, leaving only a general denial. The court overruled the motion to strike out, the plaintiff refused to plead further and elected to stand upon the pleadings, and judgment was entered for the defendants herein, and the plaintiff appealed.

The plaintiff herein, who was the defendant in the former suit, sued out a writ of error from this court, in the former suit, and this court affirmed the judgment of the circuit court in that case, and held that the tax deed under which the defendant therein claimed was void. [Dameron v. Jamison, 143 Mo. 483.]

## I.

The single point is urged in this court by the plaintiff, that a judgment in ejectment is no bar to a second action in ejectment, and that the judgment in the former ejectment suit, wherein this plaintiff was the defendent and these defendants, or their ancestors, were the plaintiffs, is no bar to this action, because while the plaintiff herein asked and was accorded affirmative equitable relief in that case, that judgment was not mutual, and, furthermore, that it is not alleged in the answer herein that these defendants have ever paid the plaintiff herein the amount then adjudged to be a lien on the land.

The law is well settled in this State that a judgment in ejectment is no bar to a second suit in ejectment between the same parties for the sale of the land. And if this was all that was shown by the record, the plaintiff's contention would be well taken.

But this is by no means all that the record herein discloses. On the contrary it appears that in the former suit this plaintiff, who was the defendant in that suit, in addition to a general denial and plea of the special and general statutes of limitations, also asked affirmative equitable relief. His defenses at law were decided against him, but he was accorded the full relief in equity he asked, and while the plaintiffs therein were adjudged entitled to possession of the land, the defendant therein was given a special lien on the land for all the taxes he had paid, and a special *fieri facias* was awarded to enforce the same. The judgment was affirmed by this court. This, therefore, was something more than a mere judgment in ejectment. The aid of a court of chancery was extended to him and he was accorded complete relief according to the full measure of his rights.

It is a misapprehension to say that that judgment was not mutual. The defendant in that action was required to turn over the possession of the land to the plaintiff herein, and a lien on the land for a specific amount was decreed in favor of the defendant therein and a special execution ordered to enforce the same. That judgment was binding upon both parties. It only remained for the plaintiffs therein to ask that a writ of restitution of the premises be enforced in their favor, and for the defendant to ask that the special execution be enforced in his favor. The judgment in the plaintiffs' favor was not made conditional upon their first paying the lien. In this respect that judgment was essentially different from the judgments in the cases of Bell v. Hoagland, 15 Mo. 360; Bennett v. Woody, 137 Mo. 377; Wright v. City of Doniphan, 169 Mo. 601;

and Commonwealth v. Pejepscut, 7 Mass. 399; relied on by the plaintiff herein.

In Bell v. Hoagland, supra, the defendant pleaded a set-off. The court held that the matter pleaded could not be set off against the plaintiff's claim, but could only be enforced in a separate action, and hence did not pass upon the merits of the set-off. It was properly held not to be *res adjudicata* in a separate action upon the claim thus attempted to be set off.

Bennett v. Woody, supra, was a condemnation suit to establish a public road. It appeared that a previous suit for a condemnation of the same road had been prosecuted, in which the road was ordered to be opened, "whenever the petitioner should pay the respondent his damages therefor, assessed at $50, and all costs." The judgment therein was, therefore, properly conditioned upon the prepayment of the damages assessed to the owner whose property was to be taken for public use, and followed the mandate of the Constitution of this State in that regard. [Sec. 21, art. 2, Constitution.]

In condemnation proceedings the public has a right to abandon the proceedings even after judgment, because until the judgment is rendered it cannot be known how much it will cost to acquire the land for public purposes, and when the judgment fixes that amount, the public must always be allowed to abandon the attempt to condemn if the damages to be paid exceed the ability of the public to pay, or if, in the judgment of the public officers in charge of the matter, the price to be paid for the land exceeds the benefits which the public will acquire by the establishment of the road, or highway. [Simpson v. Kansas City, 111 Mo. 237; Eyssell v. St. Louis, 168 Mo. l. c. 617.]

Therefore, it was explicitly held in Bennett v. Woody, supra, that as the prior condemnation had been conditioned upon the prepayment of the damages to the property owner for the land taken, and as it did not appear that the same had been paid, but the proceed-

ing had been abandoned, that prior judgment was not a bar to a second suit to condemn the same land. That case, therefore, rests upon a wholly different principle of law from the case at bar.

Wright v. City of Doniphan, supra, simply held that the fact that the city had permitted a person to occupy a portion of a highway and had assessed taxes thereon, which such occupier had paid, did not estop the city from afterwards claiming that the land was rightfully a part of the street, for the acts or admissions or omissions of the public officers, who were, in that respect, trustees, could not estop the public, who were the *cestuis que trustent*. That case has no bearing on the case at bar.

The citation from 2 Black on Judgments, sec. 548, is only to the effect that judgments must be mutual, and does not affect the judgment under consideration here, for it has already been demonstrated herein that that judgment was mutual.

The case of Commonwealth v. Pejepscut, 7 Mass. 399, was an information instituted by the Attorney-General against the defendants for intrusion upon certain public lands. The defendants pleaded a former similar proceeding, which had resulted in a judgment for the defendants, upon condition, however, that they should, within six months, execute proper releases to the commonwealth to certain other lands, but that upon the failure of the defendants so to do, the judgment should be a nullity. The defendants pleaded this as a bar to the second action. The Attorney-General, however, by reply, set up that the defendants had not complied with the condition of the former judgment and had not executed said releases. The question arose upon the sufficiency of the reply, and it was held to be a good reply, and that the former action was no bar to the second suit. It is manifest that this was proper, for the defendants could not take advantage of their own wrong in not complying with the condition of the

judgment, and the judgment itself was upon a condition, and it was expressly provided that if the defendants did not comply with the condition within a specified time, the judgment should be a nullity.

But the statement of that case shows that it is not at all decisive of the case at bar.

The judgment in the former case here pleaded was not upon condition. It did not provide that the plaintiffs therein should have restitution of the premises upon condition of a prepayment by them in a specified time of the taxes the defendant had payed. On the contrary that judgment awarded the possession to the plaintiffs, and charged the land with a lien for the taxes the defendant had paid. Each, therefore, was entitled to an immediate execution for the enforcement of the portion of the judgment which was in his favor and neither was obliged to wait until the other first acted. All that remained for the defendant to do under the judgment was to ask for the issuance of the special execution, ordered by the judgment, and thereby to collect the judgment. This could have been done by the defendant at any time during the life of the judgment. It is his own fault if he did not do so. And his fault or failure in that regard could not affect the former judgment, nor deprive it of its force or validity, and, therefore, could not make that judgment any the less *res adjudicata* of this controversy.

The judgment of the circuit court is right, and it is affirmed.

All concur, except *Robinson, J.,* absent.