Haughawout v. Royse.

## W. F. HAUGHAWOUT et al., Appellants, v. O. D. ROYSE, Respondent.

### Kansas City Court of Appeals, December 3, 1906.

1. **RES ADJUDICATA: Estoppel: Inconsistent Positions.** Plaintiff sued defendant in replevin. He afterward amended his petition stating certain items of damage that came to his knowledge after the filing of the original petition. The defendant moved to have the amendment stricken out because such damages could not be recovered in that action. This motion the court sustained. Plaintiff then brought this action to recover the damages stricken from the replevin petition. *Held*, defendant is estopped to claim that they should have been recovered in the replevin suit and cannot claim that they were adjudicated in that case since he cannot occupy inconsistent positions in regard to the same matter.

2. ———: ———: ———: **Motion.** When the items of damage set up in the amended petition were stricken out on the defendant's motion such action became an adjudication binding on both parties that such items so far as this case is concerned were foreign to the replevin action and the fact that the ruling was made on a motion does not alter the rule.

3. ———: ———: ———: **Election.** An election of remedies refers to existing conditions when the election is made and presupposes knowledge on the part of the elector and as plaintiff did not know of the items when he brought his replevin suit his election does not bind him as to such items.

4. ———: ———: ———: ———. After acquiring knowledge of such items plaintiff would not be compelled to dismiss his replevin suit and start a proper proceeding since he had a right to pursue the possession of the property that he had secured by his writ without forfeiting his right to pursue a proper remedy for the after discovered items of damage.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

REVERSED AND REMANDED.

*Shannon & Shannon* for appellant.

(1) Where a party successfully maintains a position in a legal proceeding, he cannot afterwards in a proceeding involving the same subject-matter and the same adversary maintain a contrary or inconsistent position. Bensieck v. Cook, 110 Mo. 182; McClannahan v. West, 100 Mo. 309; Smiley v. Cockrell, 92 Mo. 105; Brown v. Bowen, 90 Mo. 182; Potter v. Adams, 24 Mo. 159; Welch v. Dameron, 47 Mo. App. 221; Wills v. Kane (Pa.), 2 Grant. Cases, 60; Phinney v. Earl, 9 Johns. 352; Ruckleschaus v. Oehme, 48 N. J. Eq. 436; Michales v. Omstead, 157 U. S. 198. (2) The debtor may waive the rule that a cause of action cannot be split. Bank v. Noonan, 88 Mo. 372; Johnson Co. v. Bryson, 27 Mo. App. 341; Kavanaugh v. Shaughnessy, 41 Mo. App. 657; Gerhart v. Font, 67 Mo. App. 423. (3) The doctrine of election does not apply to consistent remedies. Any number of consistent remedies may be prosecuted with reference to the same transaction that are necessary in order to fully redress the wrong therein involved. 7 Enc. of Pleading and Practice, 362. (4) Damages accruing after the commencement of a suit even though they grow out of the transaction involved in the suit, do not become *res judicata* nor are they barred by the rule that a cause of action cannot be split. West v. Moser, 49 Mo. App. 209; Cunningham v. Cas. and Ins. Co., 82 Mo. App. 612. (5) Where by reason of a breach of a contract, express or implied, expenses are incurred by the injured party, they are in general, recoverable in an action for damages. 8 Am. and Eng. Ency. of Law (2 Ed.), 637; Rankin v. Railroad, 55 Mo. 167.

*A. E. Spencer* for respondent.

(1) Before bringing the first suit the plaintiffs had their choice of remedies. They elected to bring replevin,

and were bound by the measure of damages proper to such actions. White v. Van Houten, 51 Mo. 580; Hanlon v. O'Keefe, 55 Mo. App. 532; Freeman v. Lavenue, 99 Mo. App. 173. (2) When plaintiffs brought the replevin suit, defendant's wrong and their right of action were both complete. Defendant had wrongfully withheld their property. They elected to bring replevin, and recover the value of the property lost, with damages for the detention of the remainder. They now seek to split their then existing cause of action, and notwithstanding their recovery in the replevin suit, to now maintain another action and recover other and additional damages alleged to have grown out of the same wrongful act by defendant. This they cannot do. Funk v. Funk, 35 Mo. App. 246; Noah v. Ins. Co., 78 Mo. App. 370; Savings Bank v. Tracey, 141 Mo. 252. (3) When defendant wrongfully detained the property from plaintiffs the rights of the parties were fixed. Plaintiffs elected to bring replevin, where they could recover the property, with damages for its detention, or the value of the property. The fact that they did not get all the property under the writ, because it was in the possession of another, does not change the rule, where it was in the possession of defendant when suit was instituted. Plaintiffs saw fit to proceed with the suit to final judgment, and are bound by it. The court struck out plaintiffs' claims for damages for money paid Funk, etc., solely because same were not proper elements of damage in the replevin case.

ELLISON, J.—This is an action for damages which are alleged to have resulted to the plaintiffs by reason of the following matters as set forth in their petition. They allege that they were the owners of a set of abstract books and furniture in an abstract office, subject to two chattel mortgages. That the books were in possession of defendant and that it was agreed between them that if plaintiffs would pay and discharge the mortgages, de-

fendant would deliver up to them the abstract books, etc. That plaintiffs paid the mortgages as agreed, but defendant only delivered up a portion of the books and other items. Plaintiffs then brought an action of replevin against defendant for the books not delivered to them wherein they asked for possession and for damages. The sheriff was unable to find the property for the reason that this defendant had wrongfully delivered them to one, John Funk. When plaintiffs made their agreement with defendant whereby, on payment of the mortgages, defendant would deliver them the property they supposing they would soon become possessed of it, made a contract with one, G. B. Gregg, obligating themselves to deliver them to Gregg. Plaintiffs failing to get their property in their replevin against this defendant, as just stated, and being pressed with a sense of their obligation to deliver them to Gregg as they agreed they would do before they knew they themselves would fail to get them, they began a replevin action against Funk for the possession of the property so wrongfully turned over to him by this defendant. The sheriff could find only a portion of that property. Plaintiffs, realizing that they were being further foiled and delayed in getting the property so that they could themselves deliver to Gregg, procured the consent of Funk to make known where the property was and to deliver it up, by paying him (Funk) $125 in money and cancelling his interest in one-half of $200 in accounts, making $225 paid to Funk. In addition to this they paid out $175 in prosecuting the suit against Funk for attorney's fees and travelling expenses. Plaintiffs thereupon filed an amended petition in their replevin action against this defendant setting up the claim they here sue upon in this action as a part of their damages. This defendant, as defendant in the replevin suit, made his motion in the court in which the action was pending to strike out the claim as not being relevant and that it did "not constitute proper elements of dam-

age." The court sustained the motion. The replevin action then went to judgment in plaintiff's favor, stripped of that part of the claim for damages.

Thereafter plaintiffs brought the present action for damages against the defendant in which they make claim for the same damages that were stricken out of their amended petition in replevin, as just stated. Their petition sets up the facts substantially as we have stated them. The defendant made the plea of *res adjudicata,* claiming that the cause of action now alleged was adjudicated by the action of the court in striking it from the amended petition in the former replevin action, and that it became finally determined against the plaintiffs and could not now be made the subject of another action. The trial court sustained that view and plaintiffs appealed.

Whether the damages suffered by plaintiffs by reason of their expenditures in getting the property from Funk could be properly allowed to plaintiffs in their replevin suit against defendant, we need not say. Stated differently, we do not consider it necessary to decide whether the court ruled correctly on the motion to strike out the claim. The reason is this, that admitting they were properly allowable in that action, this defendant, by taking the position that they were not and having the court, at his instance, to strike them out, is now, in this separate action, estopped from claiming that they are *res adjudicata.* He caused them to be thrown out of the other case because, as he claimed, they were not properly there to be adjudicated, and he ought not now be permitted to say they were adjudicated. [*Ruckelschus* v. *Oehme,* 48 N. J. Eq. 436, 444; Phinney v. Earl, 9 Johns. 352; Michels v. Olmstead, 157 U. S. 198, 201.] It is a rule in this State that litigants must not place themselves in inconsistent positions. [Bensieck v. Cook, 110 Mo. 182.]

But, aside from the proposition of law just stated,

when the trial court ruled that the matters of damage
set up in the amended petition could not be allowed in
an action of replevin and struck out that portion of the
pleading setting up such damage, it became an adjudica-
tion to that effect, and became, so far as such damages
were concerned, *res adjudicata,* binding upon both par-
ties. Such damages then, so far as this case is con-
cerned, were foreign to the action of replevin and not
having been tried they may be made the subject of an-
other action. [Bell v. Hoagland, 15 Mo. 361; Jamison
v. Martin, 184 Mo. 422, 428.] The fact the ruling was
on a motion does not alter the rule. [Johnson v. Latta,
84 Mo. 139; Railroad v. Mirrielees, 182 Mo. 126, 144.]

But defendant seeks to avoid the foregoing very just
principle by denying its applicability. He contends that
the case should be determined from the standpoint of
election of remedies, and governed by the law applicable
thereto. And that plaintiffs having voluntarily chosen
the remedy of replevin, they can only recover such dam-
ages as may be properly allowable in such an action.
But it should be borne in mind that when plaintiffs
made their election to sue in replevin, they did not know
of defendant's conduct with Funk whereby the latter
was put in position to do him the damage. An election
of remedies refers to existing conditions when the elec-
tion is made. And presupposes knowledge on the part
of the elector. [Johnson-Brinkman v. Railway, 126 Mo.
344, 351; Paquin v. Milliken, 163 Mo. 102.]

But it may be suggested that plaintiffs acquired
knowledge of all their rights before the replevin action
was prosecuted to judgment, and that they could then
have dismissed their action and taken up some other
remedy. We think to make such mode compulsory on
a plaintiff in replevin would be unjust. They had found
a part of their property under their writ. They were
entitled to that in *specie*, if they desired it. It was their
right to prosecute their case to judgment in order to

save what property they found; and they should not be held to have forfeited their right to damages for the wrongs herein stated as having been done them by the defendant, merely because they insisted upon such right.

It follows that the judgment should be reversed and the cause remanded. All concur.