In Matter of Petition of W. W. CRITZER et al. For Public Road.

Division Two, July 16, 1918.

1. PUBLIC ROAD: Evidence: Transcript of County Court Record. In the trial in the circuit court of a proceeding to establish a public road, where the issue as to damages is not being tried, but the only issue is the one of the public necessity of the proposed road, certified copies of the roll and record of the proceedings in the county court are proper evidence.

2. ———: **Necessity: Established Cross Road.** The existence or non-existence of a parallel road one half mile distant from the proposed road, and whether it has been established by dedication or general use, or has a definite location, it not conclusive of the public necessity of the proposed road. Under the statute (Sec. 10437, R. S. 1909) the public necessity of a proposed road does not depend upon a showing that no other possible egress or ingress for the public use exists.

3. ———: ———: **Conflicting Evidence.** A proceeding to establish a public road is an action at law, and if the evidence on the question of its public necessity is conflicting and there is ample evidence to justify the court's finding that there is a public necessity for the road, the Supreme Court will not interfere with the finding.

4. ———: **Notices: Certified Copy of Affidavit.** An objection that a certified copy of the affidavit filed in the county court showing proper posting of notices of the intended application for the establishment of a proposed public road is not the best evidence and should not have been admitted in evidence in the trial on appeal in the circuit court until the loss of the original was accounted for, made for the first time in the Supreme Court, will not be ruled.

5. ———: **Damages: Jury Trial: After Appeal.** Upon an appeal from the judgment of the county court "in ordering the establishment of a public road," the appellants are not entitled to a jury trial to determine the amount of damages sustained by them by reason of the appropriation of their land, or to have the question of damages considered at all. An appeal from the judgment of the county court opening or establishing the road, and from that order alone, does not give the circuit court jurisdiction to try *de novo* the question of damages adjudged by separate judgments in the county court.

6. ———: ———: **No Request for Jury Trial.** If appellants made no attempt in the circuit court to have a retrial of the question of damages, they cannot be heard to complain in the Supreme Court that they were denied a jury trial on that question.

Appeal from Lawrence Circuit Court.—*Hon. Carr McNatt*, Judge.

AFFIRMED.

*M. S. Ginn, William B. Skinner* and *Robert Stemmons* for appellants.

(1) It was an error to permit to be read in evidence the roll and record of the entire proceedings of the cause in the county court. Railroad v. Pfau, 212 Mo. 407; Railroad v. Roberts, 187 Mo. 407. (2) It is not necessary that a public road be established by an order of the county court, nor is it necessary that public money be expended upon it, but a public road may exist by dedication and acceptance by the public, which may be implied by long user by the public. State v. Muir, 136 Mo. App. 118; Rector v. Hart, 8 Mo. 323; Benton v. City of St. Louis, 217 Mo. 687. (3) The county court had no initial jurisdiction to establish a new public road, when the requisite notice had not been given. Unless the notice had been given according to the statute, the circuit court had no appellate jurisdiction to try the case *de novo*. The copy of the affidavit as to the posting of the notices was not admissable in evidence in the absence of evidence accounting for the original affidavit. The testimony of petitioners witness shows that the notice was not given according to the statute. Sec. 10436, R. S. 1909; Daugherty v. Brown, 91 Mo. 26; Ellis v. Railroad, 51 Mo. 200; Jefferson County v. Cowan, 54 Mo. 234; Whitely v. Platte County, 73 Mo. 615. (4) The appeal in this case transferred the entire cause to the circuit court for trial *de novo*, and the judgment should have settled all the rights of the parties. The appeal presented two issues to be tried anew in the circuit court, namely, the public necessity of the road in question, and the measure of the damages or the amount of compensation to the landowners whose land was appropriated for a public use. The exceptors were entitled to a trial by a jury upon the issue of the measure of damages, and it was just as essential for the court to accord them that right and award them damages as it was to find the road to be a public necessity. Sec. 10440, R. S. 1909; Sec. 21, Art. 2, Mo. Constitution; In re Petition of Gardner, 41 Mo. App. 593; Colville v. Judy, 73 Mo. 653; Mayes v. Palmer, 206 Mo. 293.

In Matter of Critzer.

*James A. Sater* and *John L. McNatt* for respondent.

(1) It was not error to call the trial judge's attention to the roll and record in this case, as the question of the amount of damages to the remontrators was not before the court. Certified copies of records are admissible in evidence. R. S. 1909, secs. 6331, 10438. (2) Appellants objected to petitioners showing anything other than the affidavit as to the posting of notices, which was done and not disputed by appellants and was taken as true by the court. A litigant cannot assume inconsistent positions, in the Appellate Court from that taken in the trial court. Paul v. Western Union, 164 Mo. 241; R. S. 1909, sec. 10436. (3) The affidavit for appeal did not bring before the circuit court a reconsideration of the award for damages. R. S. 1909, sec. 10440; Bennett v. Woody, 137 Mo. 377.

WILLIAMS, J.—This proceeding, originally instituted in the county court of Lawrence County, seeks to establish a new road one-half mile in length along the north half of a line running north and south through the center of Section 9, Township 29, Range 27, Lawrence County, Missouri. The proposed road is an extention of a north-and-south road coming down from the north, and will also connect two parallel roads running east and west, one along the north and the other along the center line of said Section 9.

A remonstrance was properly filed, attacking the public necessity of the proposed road. The matter proceeded in the regular way in the county court, resulting in a judgment finding the proposed road was a public necessity and ordering the same established. Three persons whose lands were taken by the new road filed exception to the commissioners' report on damages, and a trial was had before a jury in the county court, which resulted in a separate judgment re-assessing the damages.

The remonstrators filed in the county court the following affidavit for appeal to the circuit court (caption and signatures ommitted):

"Before the clerk of the Lawrence County Court, of Lawrence County, Missouri, M. S. Ginn, attorney for defendants, being duly sworn, upon his oath says, that he is attorney for the defendants and that their application for appeal is not made for vexation or delay, but because they believe the appellants to be injured by the judgment of the Lawrence County Court, *in ordering the establishment of a public road* in the north half of Section Nine, Township Twenty-nine of Range Twenty-seven in Lawrence County, Missouri." (Italics ours).

The county court made an order granting an appeal to the circuit court.

The question as to the public necessity of the proposed road was tried *de novo* in the circuit court. Upon the trial in the circuit court the petitioners offered substantial evidence tending to prove that the proposed road was a public necessity. On the other hand the remonstrators offered evidence tending to show that the proposed road was not a public necessity. After hearing the evidence the circuit court entered judgment finding that the proposed road was a "public necessity and practical," that all necessary steps required by law had been properly taken by the petitioners, and ordered that the proposed road be established.

Thereupon the remonstrators duly perfected an appeal to this court.

Any additional facts found to be necessary to an understanding of the points raised will be mentioned in the course of the opinion.

I. Appellants first contend that the circuit court erred in admitting the certified copies of the roll and record of the entire proceedings in this cause in the county court in evidence.

**Evidence.**

At the time the above documents were offered in evidence it does not appear that appellants made any objection thereto. Furthermore, even though objection had been properly made, we are unable to see wherein this constituted error in the present case. The certified copies of documents offered in evidence were contained

in the transcript of the case on appeal from the county court to the circuit court, properly certified to by the county clerk. All portions relating to jurisdictional matters, such as the pleadings, etc., properly contained in the transcript, were proper matters for the court's consideration, and it was not even necessary that they be formally offered in evidence. So far as the trial in the circuit court was concerned the transcript of such matters. took the place of original pleadings, etc.,

The case of Railroad v. Pfau, 212 Mo. 398, relied upon by appellant, has no application to the present case. In that case it was held erroneous to read the commissioners' report or award of damages in a condemnation case to the jury empaneled to try the same issue of damages upon exceptions to the commissioners' report.

In the present case, the issue as to damages was not being tried before the circuit court, and that being true those portions of the admitted transcript showing the amount of damages reported by the commissioners in the county court could in no manner have operated to appellants' prejudice upon the trial of the issue before the court as to the public necessity for the proposed road. We therefore rule this point against appellants.

II.    The second assignment of error is as follows: "The court erred in finding that the road between Sections Nine and Ten was not established by **Public Necessity.** dedication and in finding that the road in controversy was a public necessity."

There was evidence tending to show that for many years the public had been using, as a road, a way running north and south between Sections Nine and Ten, one-half mile east of the proposed road. There was likewise testimony tending to show that said road had no definite location—that it ran over rough and hilly unfenced land—the exact point of passage being determined more by the condition of the ground or weather than by any fixed or definite boundary of the road. There was evidence to the effect that some of these appellants shortly before or at about the same time this proceeding was instituted

made unsuccessfull attempts to have the county court *establish* a road at the very point where they now say there had been a road for many years.   There was some evidence to the effect that it was such a. road as to answer the needs of the public in that vicinity.   On the other hand, there was testimony that it was impossible to haul loads over the same, because of the hills and unimproved condition of the indefinite roadway, and that no public money had ever been expended on said road.

Of course the only purpose of the evidence concerning the above road was to throw some light upon the question of the public necessity of the proposed road.

The existence or non-existence of a road at the above place would not be conclusive one way or the other as to the public necessity of a proposed road at another place. We think the existence of the "public necessity" of a proposed new road  (as that term is used in Sec. 10437, R. S. 1909) does not depend upon a showing being made that no other *possible* ingress or  egress for the public existed.   Certainly the condition, location, and the inconvenience of the existing routes and  the added conveniences to the public arising from a new  route are elements (among others) to be considered.   The evidence tends to show that the proposed road (which before the trial in the circuit court had  become opened for travel) runs over level ground, that it supplies a much better route for heavy hauling, as well as traveling by buggies or automobiles, and that the new road is used by many people in going to and from the town of Miller, their trading point.

This is an action at law.   The evidence upon the question of public necessity was conflicting.   There was ample evidence to support the court's finding that the proposed road was justifiable on the ground of public necessity.   Under such circumstances this court cannot interfere with the finding of facts so made.

III.   It is next contended that the court erred in admitting in evidence a certified copy of an affidavit filed

**Notices.** in the county court showing proper posting of notices of the intended application for the establishment of the proposed road.

It is now contended in this behalf that the certified copy was not the best evidence and that the loss of the original should have been established before the copy was competent.

Concerning this point it is only necessary to say that the above objection was made for the first time in this court. It is therefore unnecessary to determine what would have been the result had the objection been timely made upon the trial.

IV. Appellants' next and last assignment of error is as follows:—

"The court erred in denying the remonstrators and exceptors the right to a jury trial to determine the a- **Jury Trial.** mount of damages sustained by them by reason of the appropriation of their land for a public road and in taking private property for a public use without first awarding just compensation therefor."

This assignment is without merit. No appeal was taken by appellants from the judgment of the county court assessing damages. The judgment of the county court appealed from was the judgment opening or establishing the new road (see affidavit for appeal in the foregoing statement).

Section 10440, Revised Statutes 1909, provides for an appeal in such cases "from the judgment of the county court assessing damages, *or* for opening, changing or vacating any road."

The appeal from the judgment of the county court opening or establishing the road did not give the circuit court jurisdiction to try *de novo* the question of damages which were adjudged by a separate judgment of the county court. [See Bennett v. Woody, 137 Mo. 377, l. c. 380; Howell v. Jackson County, 262 Mo. 403, l. c. 415 et. seq.]

Appellants' present contention must have been an afterthought. The record does not show any attempt on their part to have a re-trial in the circuit court of the question of damages. That, in and of itself, would also be sufficient reason for disallowing the above assignment of error.

The judgment is affirmed. All concur.